**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 15-cv-00141 (TSC) |
| GINA McCARTHY, in her official Capacity as Administrator, United States Environmental Protection Agency, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

Plaintiffs the Humane Society of the United States, Association of Irritated Residents, Environmental Integrity Project, Friends of the Earth, and Sierra Club have brought this action against the Environmental Protection Agency ("EPA") for declaratory and injunctive relief pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.* Plaintiffs seek to compel the EPA to provide a response to their 2009 petition for rulemaking, which requests that the EPA regulate Concentrated Animal Feeding Operations ("CAFOs") as a source of air pollution under the Clean Air Act ("CAA"), 42 U.S.C. § 7401 *et seq.* Plaintiffs allege that the EPA's failure to respond to their petition constitutes a violation of the APA, 5 U.S.C. § 555.

Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the court lacks subject matter jurisdiction because Plaintiffs failed to provide notice, as required under Section 304(a) of the Clean Air Act, before filing this lawsuit.

For the reasons set forth below, the court will GRANT Defendants' motion to dismiss.[1]

## I.     BACKGROUND

The CAA requires the EPA "from time to time" to publish and revise a list of categories of "stationary sources" it will regulate.  42 U.S.C. § 7411(b)(1)(A).  "The term 'stationary source' means any building, structure, facility, or installation which emits or may emit any air pollutant."  42 U.S.C. § 7411(a)(3); *see* 42 U.S.C. § 7602(z).

CAFOs are industrial animal production facilities used to house and raise livestock until they are sent to slaughter.  (Compl. ¶ 2).  Plaintiffs want the EPA to list CAFOs as a "stationary source" under the CAA, and to promulgate certain standards and regulations relating to them.  (Compl. ¶ 6).   To this end, in 2009 Plaintiffs filed a petition for rulemaking with the EPA pursuant to the APA, which provides that agencies must "give an interested person the right to petition for the issuance, amendment or repeal of a rule."  5 U.S.C. § 553(e).  The APA requires that, when a rulemaking petition is filed, "[w]ith due regard for the convenience and necessity of the parties or their representatives . . . each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  If, however, an agency fails to respond to the petitioner "within a reasonable time," the petitioner may attempt to compel a response by seeking judicial review.  5 U.S.C §§ 555(b), 555(e), 551(13); 5 U.S.C. §§ 702, 706.

After initial communications between the parties, on November 1, 2013, the EPA informed Plaintiffs that it "did not intend to substantively address the Petition until after it completed an administrative settlement agreement that it entered into with the CAFO industry."  (Compl. ¶ 82).  Plaintiffs filed this suit in January 2015, more than five years after filing the 2009 petition.

---

[1] Because the court dismisses Plaintiffs' suit under Fed. R. Civ. P. 12(b)(1), the court does not reach Defendants' 12(b)(6) argument.

It is undisputed that the EPA's obligations with respect to revising CAFO standards stem from the CAA, that the duty to rule on Plaintiffs' petition derives from the APA, and that the agency has not responded to the petition for rulemaking.  However, the parties disagree as to whether the court has jurisdiction to hear this case under the APA or the CAA.  If the court's jurisdiction arises under the APA, then this action may go forward.  If, however, jurisdiction arises under the CAA, then this action cannot be maintained because under the CAA's Citizen Suit Provision, 42 U.S.C. § 7604(a)(2), EPA's waiver of sovereign immunity is conditioned on the requirement that prospective plaintiffs provide EPA with 180 days' notice before filing suit, and Plaintiffs did not provide such notice. [2]

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and, as such, a district court "may not exercise jurisdiction absent a statutory basis."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *see also* Fed. R. Civ. P. 12 ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "Limits on subject-matter jurisdiction 'keep the federal courts within the bounds the Constitution and Congress have prescribed,' and those limits 'must be policed by the courts on their own initiative.'"  *Watts v. SEC*, 482 F.3d 501, 505 (D.C. Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).  Such limits are especially important in the agency review context, where "Congress is free to choose the court in which judicial review of agency decisions may occur." *Am. Petroleum Inst. v. SEC*, 714 F.3d 1329, 1332 (D.C. Cir. 2013) (internal quotation marks

---

[2] Plaintiffs filed a similar action in this District in 2015 challenging EPA's delay in responding to a 2011 petition concerning ammonia gas pollution.  That case was dismissed on the same grounds as this case.  *See Envtl. Integrity Project v. United States Envtl. Prot. Agency*, No. 15-0139 (ABJ), --- F. Supp. 3d ---, 2015 WL 7737307 (D.D.C. Dec. 1, 2015).

omitted).  The law presumes that "a cause lies outside [the court's] limited jurisdiction" unless the party asserting jurisdiction establishes otherwise.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Thus, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002).

In evaluating a motion to dismiss under Rule 12(b)(1), the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'"  *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).  Nevertheless, "'the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.'"  *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)).  Further, under Rule 12(b)(1), the court "is not limited to the allegations of the complaint," *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987), and "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case."  *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

## III.   ANALYSIS

The question of whether this court has jurisdiction in this matter turns on whether the government has waived immunity to suit, because "[s]overeign immunity is jurisdictional in nature."  *FDIC v. Meyer*, 510 U.S. 471, 475, (1994); *see also United States v. Mitchell*, 463 U.S.

206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

As a general matter, a suit challenging an agency action may be brought in federal court under the APA, which "provides a cause of action for the plaintiff and a waiver of sovereign immunity by the government." *Envt'l. Integrity Project v. United States Envt'l. Prot. Agency*, No. 15-0139 (ABJ), 2015 WL 7737307, at *3 (D.D.C. Dec. 1, 2015) (internal citation omitted). However, this waiver of immunity is limited—it applies only to an "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; *see also Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 132 S. Ct. 2199, 2204 (2012) ("[T]he APA's waiver of immunity comes with an important carve-out: The waiver does not apply 'if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought' by the plaintiff.").

Defendants argue that the CAA provides an adequate remedy because its Citizen Suit Provision, 42 U.S.C. § 7604, gives individuals the right to sue the Administrator of the EPA "to compel . . . agency action unreasonably delayed," which is the gravamen of Plaintiffs' case. (Def's Mot. to Dismiss at 12). However, the Citizen Suit provision requires that a plaintiff provide the EPA with notice 180 days before commencing an unreasonable delay suit. (*Id.*); *see also* 42 U.S.C. § 7604(a). Defendants argue that because Plaintiffs did not provide the mandated notice, the United States never waived immunity to suit, and therefore the court lacks jurisdiction.

Plaintiffs assert that they do not have an adequate remedy under the CAA. They contend that the EPA's duty to revise the list of stationary sources under Section 111 of the CAA is discretionary, and the Citizen Suit Provision only grants district courts subject matter jurisdiction

5

to hear suits where there is an alleged failure to perform a *nondiscretionary* duty or act.

Prior to 1990, the Citizen Suit Provision stated, in pertinent part:

> (a) Authority to bring civil action; jurisdiction
> Except as provided in subsection (b) of this section, any person may
> commence a civil action on his own behalf –
>
> \* \* \*
>
>> (2) against the Administrator where there is alleged a failure of the
>> Administrator to perform any act or duty under this chapter which
>> is not discretionary with the Administrator[.]
>
> \* \* \*
>
> The district courts shall have jurisdiction, without regard to the amount in
> controversy or the citizenship of the parties . . . to order the Administrator
> to perform such act or duty, as the case may be.

42 U.S.C. § 7604(a) (1988).

In 1987, the D.C. Circuit held that the Citizen Suit Provision gave it exclusive

jurisdiction over suits involving discretionary agency actions, while district courts had

jurisdiction over actions alleging violations of nondiscretionary duties imposed by the Clean Air

Act.  *Sierra Club v. Thomas*, 828 F.2d 783, 791-92 (D.C. Cir. 1987).  The *Thomas* Court defined

nondiscretionary functions as those where it was "categorically mandat[ed] that *all* specified

action be taken by a date-certain deadline."  *Id.* at 791(emphasis in original) (internal quotation

marks omitted).  Applying this definition, the Court found that the district court could not

properly exercise jurisdiction over the plaintiff's claim that the EPA had unreasonably delayed

concluding a rulemaking concerning strip mine emissions, because the Clean Air Act did not

require the EPA to conclude the rulemaking by a specific deadline.  *Id.* at 791-792.  Thus, if the

current dispute had taken place pre-1990, this court would lack subject matter jurisdiction

because CAA Section 111 gives no specific deadline for when the EPA must conclude

rulemakings regarding categories of stationary sources.  *See* 42 U.S.C. § 7411(1)(A).

In 1990, three years after *Thomas* was decided, Congress added the following language to

the Citizen Suit Provision:

> The district courts of the United States shall have jurisdiction to compel (consistent with paragraph (2) of this subsection) agency action unreasonably delayed, except that an action to compel agency action referred to in section 7607(b) of this title which is unreasonably delayed may only be filed in a United States District Court within the circuit in which such action would be reviewable under section 7607(b) of this title.  In any such action for unreasonable delay, notice to the entities referred to in subsection (b)(1)(A) of this section shall be provided 180 days before commencing such action.

42 U.S.C. § 7604(a); *see also* Clean Air Act, Amendments, Pub. L. No. 101-549, § 707(f), 104 Stat. 2399 (1990).

The D.C. Circuit briefly discussed the implications of the 1990 Amendments in a footnote in *Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544 (D.C. Cir. 2015):

> Congress has partly abrogated *Sierra Club v. Thomas*, but its analytical framework for determining whether EPA's delay was unreasonable remains applicable to whether Petitioners may be excused for their failure to exhaust their administrative remedies.  *Thomas* addressed the circumstances in which courts may compel EPA to take action under the Clean Air Act, and, in that context, held that this court had exclusive jurisdiction over claims to compel agency action "unreasonably delayed." *Thomas*, 828 F.2d at 792–96.  **Congress in the 1990 Amendments to the Clean Air Act abrogated *Thomas's* jurisdictional holding and shifted to the district court the power to compel EPA to act.**

*Id.* at 553 n.6 (emphasis added).  The footnote indicates that the Circuit interpreted the 1990 Amendments as giving district courts jurisdiction over unreasonable delay claims.  Despite this, Plaintiffs still argue that the 1990 Amendments do not give the court jurisdiction for their unreasonable delay claim, based on the restrictive language in Paragraph (2) of the Citizen Suit Provision—that the action must be brought "under this chapter," and "is not discretionary."  42 U.S.C. § 7604(a).  Therefore, the court must examine the restrictions to see if they impact its jurisdiction.

The parties agree that the Agency's duty to respond in a timely manner to a petition for rulemaking comes from the APA, 5 U.S.C. § 555(b), not the CAA.  So, the Citizen Suit

Provision's grant of a right to bring an unreasonable delay claim "under this chapter" appears to be internally contradictory, since unreasonable delay claims do not arise under the CAA. However, the cannons of statutory interpretation instruct courts to avoid construing the text of a statute to be contradictory; "our task is to fit, if possible, all parts into a harmonious whole." *Roberts v. Sea-Land Servs., Inc.*, 132 S. Ct. 1350, 1356, (2012) (citing *FTC v. Mandel Brothers, Inc.*, 359 U.S. 385, 389 (1959)); *see also*, Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 180 (2012) ("The provisions of a text should be interpreted in a way that renders them compatible, not contradictory . . . [T]here can be no justification for needlessly rendering provisions in conflict if they can be interpreted harmoniously").

Further, *Thomas* found that district courts had jurisdiction over claims to compel the EPA to perform nondiscretionary duties arising under the Clean Air Act. *Thomas*, 828 F.2d at 794. But following *Thomas*, Congress amended the language of the Citizen Suit Provision to give district courts jurisdiction over "action[s] for unreasonable delay." Therefore, in order for the new language in the 1990 amendments to make any sense, the scope of § 304 must have changed to give district courts jurisdiction over a category of unreasonable delay suits that were not already captured under the old version of the statute. *See Envtl. Integrity Project*, 2015 WL 7737307, at *7-8 (explaining that section 304(a)(2) already gave district courts jurisdiction to compel the EPA to perform non-discretionary duties required by the CAA, including to compel such non-discretionary action in the face of unreasonable delay, and therefore the amended language must expand the district courts' unreasonable-delay jurisdiction to non-discretionary duties required under the EPA as well). If the court did not find the scope changed, it would be rendering the added words "district courts of the United States shall have jurisdiction to compel (consistent with paragraph (2) of this subsection) agency action unreasonably delayed"

superfluous, which it cannot do. *Corley v. United States*, 556 U.S. 303, 314 (2009); *see also United States v. Menasche*, 348 U.S. 528, 538-539 (1955) ("It is [the court's] duty to give effect, if possible, to every clause and word of a statute . . . ."). This interpretation is consistent with the D.C. Circuit's footnote in *Mexichem* that in the 1990 Amendments to the Clean Air Act, Congress nullified *Thomas's* ruling and gave district courts "the power to compel EPA to act." *Mexichem,* 787 F.3d at 553 n.6 (citations omitted).

As to the second restriction, that the action "is not discretionary," multiple courts in this district have determined that a claim for an unreasonable delay requires that the action sought to be compelled is "not discretionary," since "a delay cannot be unreasonable with respect to action that is not required." *Ctr. for Biological Diversity v. E.P.A.*, 794 F. Supp. 2d 151, 156 (D.D.C. 2011) (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 n. 1 (2004)) (internal quotation marks omitted). EPA does not have "discretion" to respond to Plaintiffs' petition, it must respond "within a reasonable time" under 5 U.S.C. § 555(b), therefore the action "is not discretionary."

Moreover, if the court interpreted the Citizen Suit Provision to deprive district courts of jurisdiction over unreasonable delay claims such as Plaintiffs', this would frustrate the purpose of the Citizen Suit Provision. The Provision's notice requirement "is intended to preserve [the] agency's authority to enforce the regulations within its bailiwick (by preventing citizen suits from supplanting agency action) and to allow the agency an opportunity to bring itself into complete compliance with the Act and thus . . . render unnecessary a citizen suit." *Envtl. Integrity Project*, 2015 WL 7737307, at *7 n. 6 (internal quotations omitted). If the APA provided a separate avenue to pursue unreasonable delay claims, then Plaintiffs could simply bring suit under the APA instead of the CAA, without providing notice to the agency, thus nullifying the purpose and

effect of the notice requirement.

While the court's analysis leads it to conclude that it has jurisdiction under the CAA over disputes such as Plaintiffs'—where the notice requirement is complied with—the statutory language is far from clear.  "If the statutory language is plain, we must enforce it according to its terms.  But oftentimes the 'meaning—or ambiguity—of certain words or phrases may only become evident when placed in context.'"  *King v. Burwell*, 135 S. Ct. 2480, 2489 (2015) (citations omitted).  "Where the words are ambiguous, the judiciary may properly use the legislative history to reach a conclusion."  *United States v. Pub. Utilities Comm'n of Cal.*, 345 U.S. 295, 315 (1953).  While "the bar is high," a court "may examine the statute's legislative history in order to shed new light on congressional intent, notwithstanding statutory language that appears superficially clear.*"  Consumer Elecs. Ass'n v. FCC*, 347 F.3d 291, 298 (D.C. Cir. 2003) (internal quotation marks and citations omitted).

The legislative history of the Provision clarifies that the court would have CAA jurisdiction to hear Plaintiffs' suit, if proper notice was given.  First, the Senate Committee on Environment and Public Works Report on the 1990 Amendments states in the "Citizen Suits and Petition (Section 609) Discussion":

> The amendments will allow a citizen suit to be brought in Federal district court against the Administrator where the plaintiff alleges that EPA has failed to act, and further alleges that the failure violates one or more of the standards set out in section 307(d)(9) of the Act, or that the failure constitutes unreasonable delay.  **Under this amendment, the citizen suit provision of the Act will encompass the full range of inaction covered by the Administrative Procedure Act (AP).  Under this amendment, the district courts would be granted authority to compel actions by the Administrator that have been unreasonably delayed,** as well as to design remedies to address EPA failures to act that are arbitrary, capricious, and abuse of discretion or not in accordance with law . . .
>
> **The amendment also gives the district courts jurisdiction under section 304(a)(2) to compel agency action unreasonably delayed.** This jurisdiction would apply in circumstances where EPA has already commenced a proceeding

directed at the final action sought by the plaintiff, but had failed to complete it within a reasonable time.

S. Rep. No. 101-228 (1989), *reprinted in* 1990 U.S.C.C.A.N. 3385, 3757-58.  The D.C. Circuit cited this section of the Senate Report in its footnote in *Mexichem*, in which it indicated that the Citizen Suit Provision gave district courts jurisdiction over claims of agency inaction under the APA—which include unreasonable delay suits.  *Mexichem*, 787 F.3d at 553 n.6.

Consistent with the legislative history cited by the Circuit, Congressman Michael Oxley stated for the Congressional record:

> **The bill changes the judicial review scheme under the act by giving the district courts jurisdiction to compel Agency action that has been unreasonably delayed.**
> . . .
>
> This provision has a broad effect because Agency action referred to in section 307(b) includes any final action taken by the Administrator under the act.  **Thus, for example, final Agency action in the form of a response to a petition for rulemaking would fall within this category. . .**
>
> **This unreasonable delay jurisdiction, like the unreasonable delay jurisdiction that the circuit courts of appeals now have, authorizes the appropriate courts to enforce the provision of the Administrative Procedure Act that requires an agency, "within a reasonable time," to "proceed to conclude a matter presented to it."**  Thus, unreasonable delay jurisdiction is designed to allow the courts to compel the Agency to respond to a petition for rulemaking or other request for Agency action if the Agency has made no response within a reasonable time after the request has been presented to it.

136 Cong. Rec. E3670-01 (Nov. 2, 1990) 1990 WL 206958 (emphasis added).

The legislative history of the 1990 amendments to the CAA therefore make clear that Congress intended that district courts be given jurisdiction over unreasonable delay claims alleging a failure to respond to a petition for rulemaking under the CAA, and "in every case we must respect the role of the Legislature, and take care not to undo what it has done." *Burwell*, 135 S. Ct. at 2496.

Based on the court's analysis of the text of the Citizen Suit Provision, applicable precedent in this Circuit, and the legislative history of the 1990 Amendments to the CAA, the court finds that it has, in general, subject matter jurisdiction over this type of dispute. Since the Provision also provides an adequate remedy for Plaintiffs' alleged harms—they may bring an unreasonable delay suit—the appropriate waiver of sovereign immunity also comes from the CAA. But that waiver of immunity requires that a prospective plaintiff give the EPA notice 180 days before filing suit, and, since Plaintiffs concede that they did not do so here, they cannot proceed. Because the Plaintiffs failed to effectuate waiver of sovereign immunity through notice, the court lacks subject matter jurisdiction over this particular dispute. Accordingly, the court will grant Defendants' motion to dismiss.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be granted by separate order.[3]

Date:  September 19, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[3] Defendants raise a new argument in their reply brief—that if CAA Section 304's waiver does not apply to Plaintiffs' APA claim, then under the D.C. Circuit's decisions in *Telecommunications Research & Action Ctr. v. F.C.C.*, 750 F.2d 70 (D.C. Cir. 1984) and *Thomas,* this suit belongs in the Court of Appeals, not the District Court. (Def.'s Reply at 8-9).  Given the court's finding, it need not address this argument.

Plaintiffs also argue that Defendants should be judicially estopped from arguing that the Citizen Suit provision provides the court with jurisdiction over this matter because EPA allegedly advocated a contrary position in *Zook v. McCarthy*, Civ. No. 14-5187, 2015 WL 331928 (D.C. Cir. filed Jan. 26, 2015).  The court disagrees with Plaintiffs and agrees with Judge Jackson's finding in *Envtl. Integrity Project v. United States Envtl. Prot. Agency*, No. 15-0139 (ABJ), 2015 WL 7737307, at *4 n. 3 (D.D.C. Dec. 1, 2015)  that the EPA did not advocate an opposite position in *Zook*, since in both cases the government asked the court to apply the Citizen Suit Provision to nondiscretionary functions.